STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.B.-1, A.L., K.B.-2, and D.B.**

**No. 19-0242** (Pocahontas County 18-JA-09-RR, 18-JA-10-RR, 18-JA-11-RR, and 18-JA-12-RR)

**MEMORANDUM DECISION**

Petitioner Mother A.C., by counsel Richard M. Gunnoe, appeals the Circuit Court of Pocahontas County's February 6, 2019, order terminating her custodial and parental rights to K.B.-1, A.L., K.B.-2, and D.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, R. Grady Ford, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motions to extend her post-adjudicatory improvement period or, alternatively, for a post-dispositional improvement period, and terminating her custodial and parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner failed to seek adequate medical care for K.B.-1 in January of 2018. According to the DHHR, K.B.-1 suffered a puncture wound and significant bruising to his leg that was caused by a pellet gun.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them as K.B.-1 and K.B.-2, respectively, throughout this memorandum decision.

Additionally, we note that petitioner is not the biological mother of A.L., but rightfully appeals the circuit court's termination of her custodial rights as a pre-petition custodian of this child.

1

The wound was left untreated for at least fourteen days. The DHHR alleged that petitioner and the father agreed to participate in an in-home safety plan in March of 2018. The DHHR initiated multiple services, including drug screening, parenting classes, and in-home supervision, to be completed over the course of three months. However, the DHHR alleged that petitioner and the father failed to fully participate in the services. In May of 2018, the DHHR interviewed the children at school and learned that petitioner and the father instructed them not to talk to Child Protective Services ("CPS") workers. Additionally in May of 2018, the DHHR alleged that the children witnessed the father initiate a fight in the community during which he struck a man with a gun and cut his chest with "a dull kitchen knife." Finally, the DHHR alleged that K.B.-1, A.L., and K.B.-2 each had more than ten unexcused absences from school and that the school filed truancy charges against the parents. Following the filing of the petition, the children remained in the legal and physical custody of the parents.

In June of 2018, petitioner stipulated to adjudication. The circuit court accepted petitioner's stipulation and adjudicated the children as abused children and petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance. The circuit court granted legal custody of the children to the DHHR, but ordered that they remain in their parents' physical custody until it was determined that they were in danger. Finally, the circuit court ordered the DHHR to provide services to the parents.

The circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period in July of 2018 and granted the motion. During a colloquy with the circuit court, petitioner acknowledged and agreed to the terms of her improvement period, which included parenting and adult life skills classes, a psychological evaluation, a substance abuse evaluation and compliance with its recommendations, a substance abuse treatment program, and supervised visitations. The circuit court granted petitioner a three-month improvement period. In November of 2018, the circuit court held a review hearing.[2] The DHHR moved to set the case for a dispositional hearing and alleged that petitioner failed to participate in drug screening, parenting and adult life skills classes, or substance abuse treatment. Petitioner argued that she participated in some services and moved for an extension to her post-adjudicatory improvement period. The circuit court held that motion in abeyance. In December of 2018, the circuit court continued a previously scheduled dispositional hearing after learning that petitioner entered into a detoxification program. During the hearing, the circuit court warned petitioner's counsel that a detoxification program "fell far short of the type of substance abuse treatment required to make a serious showing that the issues of abuse and neglect could be remedied."

The circuit court held two dispositional hearings in January of 2019. The DHHR presented evidence that petitioner minimally complied with the terms and conditions of her post-adjudicatory improvement period. According to the evidence, petitioner did not have stable housing or employment and attended only six out of thirty parenting and adult life skills classes. Additionally, petitioner failed to obtain long-term treatment for her substance abuse issue and failed to participate in random drug screening since October of 2018. Petitioner moved for an extension of her post-adjudicatory improvement period or, alternatively, a post-dispositional improvement

---

[2]The DHHR filed an amended petition in November of 2018 alleging that A.L.'s mother, S.L., abandoned that child. The amended petition contained no new allegations against petitioner.

period. In support, petitioner testified and acknowledged her substance abuse problem and her willingness to participate in long-term substance abuse treatment. Petitioner testified that she experienced difficulty consistently participating in services, such as a lack of transportation and an inability to contact providers due to poor cell phone coverage. However, petitioner also admitted that she had not completed any applications for substance abuse treatment programs since she completed the detoxification program.

Ultimately, the circuit court found that petitioner failed to avail herself of the services offered during the post-adjudicatory improvement period. Further, the circuit court found that petitioner failed to prove by clear and convincing evidence that she would fully participate in a further improvement period or that she had experienced a substantial change in circumstances to warrant an additional improvement period. Based upon petitioner's failure to comply with the services provided, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests were served by the termination of petitioner's custodial and parental rights. Accordingly, the circuit court terminated petitioner's custodial and parental rights by its February 6, 2019, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of the post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period. Petitioner asserts that one of these less-restrictive alternatives to termination of her custodial and parental rights was warranted because the evidence presented showed that she

---

[3]The father's custodial and parental rights were terminated below. A.L.'s mother's parental rights were terminated as well. According to the parties, the permanency plan for the children is adoption in their current foster placement.

substantially complied with the terms of the post-adjudicatory improvement period. However, the evidence elicited below does not support a finding that petitioner substantially complied.

West Virginia Code § 49-4-610(6) provides that a circuit court may grant an extension of an improvement period when it finds "that the [parent] has substantially complied with the terms of the improvement period." In this case, the DHHR presented evidence that petitioner's participation in rehabilitative services was minimal. Petitioner failed to attend the majority of parenting and adult life skills classes and failed to participate in drug screening after October of 2018. Most importantly, petitioner admitted she had a substance abuse issue and failed to seek adequate treatment as required by the terms of her improvement period. Although petitioner testified that she experienced difficulties contacting providers for services, West Virginia Code § 49-4-610(4)(A) is clear that "the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." The evidence below did not support a finding that petitioner substantially complied with the terms of her improvement period. Therefore, petitioner did not meet the statutory requirements necessary for the circuit court to grant her an extension of her post-adjudicatory improvement period.

Similarly, petitioner did not meet the statutory requirements for a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(D) provides that a circuit court may only grant an additional improvement period following the expiration of the initial period if "the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." In this case, petitioner never expressed a change in circumstances from the post-adjudicatory improvement period. In fact, on appeal, petitioner does not argue that she experienced a substantial change in circumstances. Rather, the evidence showed that petitioner continued to indicate her willingness to participate in long-term substance abuse treatment without any action to initiate the same. Accordingly, the circuit court properly denied petitioner's motion for a post-dispositional improvement period due to petitioner's failure to demonstrate a substantial change in circumstances.

Finally, petitioner's failure to participate in rehabilitative services supported the finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that situations in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

It is clear in this case that petitioner did not respond to or follow through with the rehabilitative services provided by the DHHR. As noted above, petitioner failed to fully participate in services and failed to remedy the conditions of neglect and abuse. Due to petitioner's failure to remedy the conditions of neglect or abuse, the children would continue to be at risk of the abuse that gave rise to the filing of the petition if returned to petitioner's care. Therefore, the circuit court correctly found that it was necessary for the children's welfare to terminate petitioner's custodial and parental rights. Accordingly, we find no error in the circuit court's termination of petitioner's custodial and parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison